UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAMON YOKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 4:13 CV 1238  RWS |
| | ) |
| SAFE AUTO INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case was originally filed in the Circuit Court of the City of St. Louis.  The case was removed to this Court by Defendant based on diversity of citizenship under 28 U.S.C. § 1332. Plaintiff seeks to remand the case arguing that federal subject matter jurisdiction is lacking because the amount in controversy is less than $75,000 exclusive of interest and costs.

The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction.  In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  All doubts about federal jurisdiction must be resolved in favor of remand.  Id. The party seeking removal must prove, by a preponderance of the evidence, that a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.  Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).

Plaintiff's state court petition prayed for a judgment for an amount in excess of $25,000. Plaintiff's lawsuit seeks a judgment that he is entitled to $75,000 in uninsured motorist coverage. Defendant removed the case to this Court asserting that Plaintiff's claim is in excess of $75,000.

Defendant's claim that the amount in controversy exceeds $75,000 is not apparent from Plaintiff's state court petition.  On July 10, 2013, Plaintiff filed a motion to remand and a stipulation that his claim for damages is limited to $75,000.  As a result, I find that Plaintiff's petition and stipulation provides a sufficient basis to conclude that the jurisdictional amount in controversy does not exceed $75,000.

Because subject matter jurisdiction is lacking in this case, 28 U.S.C. § 1447(c) requires that the case be remanded to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Damon Yokley's Motion to Remand [# 10] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by reason of these removal and remand proceedings.

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2013.